Dirk J. STRONCK, III, Appellant,

v.

Veree H. STRONCK, Appellee.

No. 1388.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 30, 1976.

Rehearing Denied July 21, 1976.

R. Mayo Davidson, W. H. Davidson, Jr., Davidson & Davidson, Houston, for appellant.

William H. White, Reynolds, White, Allen & Cook, Houston, for appellee.

CIRE, Justice.

This is an appeal from the child custody and visitation portions of a divorce decree. The case was tried without a jury in the Court of Domestic Relations No. 4, Judge Peter Solito presiding. On August 28, 1975 Judge Solito announced the court's judgment from the bench and noted it on the docket sheet. Thereafter, on October 9, 1975, Judge Solito resigned as judge of the court of domestic relations, in order to assume the district bench and Judge Bill El-

liott was appointed his successor. On November 19, 1975 appellee filed her motion for entry of judgment, and on November 21, 1975 Judge Elliott signed the divorce decree. Appellant Dirk Stronck gave notice that he would appeal that portion of the decree granting custody of the parties' child to appellee Veree Stronck, subject to visitation by appellant "at reasonable times and places."

Appellant complains there is error in the trial court's judgment, in that the judgment signed by Judge Elliott does not conform to the agreements of the parties and the judgment announced by Judge Solito. Appellant's primary contention on this appeal, however, is that he is unable to obtain a statement of facts and is thereby entitled to a remand for a new trial.

■ If, after exercising due diligence, an appellant is unable to obtain a statement of facts, the case must be remanded for another trial. *Brown v. Brown*, 520 S.W.2d 571, 576 (Tex.Civ.App.-Houston [14th Dist.] 1975, no writ). Thus, the two questions to be decided are whether appellant has been unable to obtain a statement of facts, and whether he has exercised due diligence in attempting to do so.

Neither the proceedings in the hearing before Judge Solito nor those in any subsequent hearing were recorded by a court reporter. After giving his notice of appeal, appellant compiled a proposed narrative statement of facts, which appellee refused to approve. Appellant then submitted his proposed narrative statement of facts to Judge Elliott for his approval. Judge Elliott would not approve appellant's statement of facts and entered his "order noting inability to make statement of facts conform to the truth." Thereafter, appellee compiled her proposed narrative statement of facts which she submitted to Judge Solito for his approval. Judge Solito approved appellee's proposed statement of facts, which has been ordered filed in this court.

Appellant contends he has exercised due diligence to obtain a statement of facts on appeal, and that under Rule 18 of the Texas Rules of Civil Procedure, Judge Solito was

not authorized to approve the statement of facts.

■ There are several methods by which an appellant may obtain a statement of facts for appeal. Either party may request that the court reporter be present and take full notes of the proceedings. Tex.Rev.Civ. Stat.Ann. art. 2324 (Supp.1975–76). It is the duty of the party, or his attorney, to request the presence of the court reporter, and if such request is not made, the right may be waived. *Brown v. Brown,* 520 S.W.2d at 576. In this case the appellant did not request the presence of the court reporter and has not shown any reason why his right to the presence of a court reporter has not therefore been waived.

Transcription by a court reporter is not required, however, in order to obtain a statement of facts for appeal. Although an appellant may have waived his right to have a court reporter record the evidence, he may still obtain a statement of facts by agreement of the parties or, absent such an agreement, by approval of the trial court. Tex.R.Civ.P. 377. In this case appellant attempted to obtain his statement of facts by agreement of the parties, but was unable to do so. This left him with the third alternative, a narrative statement of facts submitted to the trial court and made by him to conform to the truth. Tex.R.Civ.P. 377(d).

In a situation in which the judge who tried the case has been replaced by another judge, the question of which judge should properly make up the statement of facts has caused considerable confusion in the appellate courts. Article 2248, Texas Revised Civil Statutes, provides that when the term of office of any judge of a district or county court expires, that judge may approve the statement of facts in any case tried while he was on the bench. Courts interpreting Article 2248 have held that the judge who actually tried the case *must* approve the statement of facts, even though his term of office has expired before he is called upon to do so. *Koonce v. City of Mesquite,* 382 S.W.2d 309, 314 (Tex.Civ.

App.-Tyler 1964, writ dism'd) and authorities cited therein.

■ Article 2248 applies only to the circumstance in which a judge's term of office expires prior to his approval of the statement of facts. In the instant case Judge Solito resigned before his term expired. Appellant contends this situation is not controlled by Article 2248, but by Rule 18 which states:

If the judge dies, *resigns,* or becomes unable to hold court during the session of court duly convened for the term . . [and] [i]f a successor to such judge shall qualify and assume office during the term . . . statements of facts and bills of exception *shall* be approved by him. (emphasis supplied)

We are aware that the First Court of Civil Appeals has held that neither Article 2248 nor Rule 18 applies in the situation where the trial judge resigns, and his successor assumes office, during a term of the court which began after the case was tried. *Nehoc Land Co. v. City of Houston,* 342 S.W.2d 42 (Tex.Civ.App.-Houston 1961, writ ref'd n.r.e.). Although we realize that our holding is in conflict with that authority, we respectfully express our opinion that by its use of the mandatory term *shall,* Rule 18 explicitly requires that when a judge resigns from office during an unexpired term of the court and a successor judge takes office before that term of the court expires, it is the successor who must approve all statements of facts proposed after he assumes the bench. *See Texas Employers' Insurance Association v. Ethredge,* 263 S.W.2d 815, 816 (Tex.Civ.App.-Dallas 1953), *rev'd on other grounds,* 154 Tex. 1, 272 S.W.2d 869 (1954). Since Judge Solito had resigned from the bench of the court of domestic relations at the time the statement of facts was proposed in this case, he no longer had the authority to approve such a statement of facts. That authority was vested solely in his successor, Judge Bill Elliott. For this reason, we hold that the statement of facts approved by Judge Solito and filed here by the appellee must be stricken from the record of this appeal.

■ Appellant has exercised due diligence to obtain a statement of facts in this case. He did not waive his right to a record even though he did waive his right to a statement of facts prepared by the court reporter. *Strode v. Srygley,* 342 S.W.2d 638, 641 (Tex.Civ.App.-Fort Worth 1961, writ ref'd n.r.e.); *see Ducoff v. Ducoff,* 523 S.W.2d 264, 267 (Tex.Civ.App.-Houston [14th Dist.] 1975, no writ); Tex. Family Code Ann. § 11.14(d) (1975). Appellant diligently attempted to obtain a record through the alternative methods prescribed in Rule 377: he tendered a proposed statement of facts to his opposing counsel and, when unable thereby to obtain an agreed statement of facts, he tendered his proposed record for approval by Judge Elliott, the only judge authorized to grant such approval.

■ Judge Elliott's order stating that he is unable to approve the proposed statement of facts or to make it conform to the truth establishes that appellant, after using due diligence, has been unable to procure a statement of facts in this case. There is some conflict in authority concerning the duty of the successor judge in this situation. One court of civil appeals has held that when the trial judge is unable to make the statement of facts conform to the truth, a new trial is necessary. *Strode v. Srygley,* 342 S.W.2d at 641. Another civil appeals court has held it is the duty of the judge upon request to furnish the appealing party a statement of facts, "even to the calling of witnesses for a reproduction of the record in question." *Bradshaw v. Bradshaw,* 293 S.W.2d 210, 212 (Tex.Civ.App.-Dallas 1956, no writ); *see Southwestern Bell Telephone Co. v. Thomas,* 535 S.W.2d 686 (Tex.Civ. App.-Corpus Christi 1976, no writ). The mandatory language both in Rule 18, that the successor judge shall approve statements of facts, and in Rule 377(d), that the judge shall make the statement of facts conform to the truth, cannot be ignored. Therefore, if the successor judge is unable to approve the proposed statement of facts, he should, in his discretion, either hold a hearing in order to reproduce a true record, or if this is not feasible, he should order a new trial.

Appellant having established that he has been unable, after using due diligence, to procure a statement of facts on this appeal, we hold that portion of the trial court's judgment pertaining to the managing conservatorship, visitation, and support of the parties' minor child must be reversed and remanded for a new trial.

Reversed and remanded.

COULSON, J., dissents.