Sammie L. GRIFFITH, Sr., Appellant,

v.

Bertie Mae GRIFFITH, Appellee.

No. 8314.

Court of Civil Appeals of Texas, Beaumont.

June 14, 1979.

Bill F. McGraw, Jasper, for appellant.

J. Glenn Barber, Jasper, for appellee.

KEITH, Justice.

Respondent below appeals from an unfavorable decree dividing the community property of the parties, complaining that the trial court awarded the petitioner/wife "an inequitable, unfair, unjust and disproportionate share of the community property," and that the evidence was legally and factually insufficient to support the award so made. We have no statement of facts, appellant having specifically waived the presence of a court reporter at the bench trial preceding the entry of the judgment.

Having no statement of facts, appellant has chosen the hard road in attempting to show reversible error. After the entry of the judgment, appellant requested findings of fact and conclusions of law and such were filed promptly. Appellant then addressed a three-page letter to the district judge asking for further findings as set out in the letter. There were twenty-three questions so propounded inquiring in great detail as to every aspect of the property rights of the parties. In addition, the last, No. 24, asked for findings as to:

"The basis for arriving at the Findings of Fact under Paragraph 5 of the Finding of Fact and Conclusions of Law heretofore filed in this cause and being Findings (e), (f), (g), (h), (i), (j), (k), (*l*), (m), and Item VI and Item VII."

The trial court did not respond to this demand nor did it voluntarily submit to the cross-examination as set out in Item 24, quoted above.

About a month later, after the trial court had ignored the request for supplemental findings, appellant filed what he denominated as his Bill of Exception consisting of *his* version of a narrative statement of the evidence adduced upon the trial. This instrument was ten pages in length, contained many self-serving declarations, argumentative assertions, and conclusions.

There was no showing that adverse counsel had seen the instrument before it was filed with the clerk. The Court, on the day of filing, refused to approve the bill. Thereupon, and again upon the same date, appellant excepted to the refusal of the bill and tendered his bystanders' affidavits in support of the rejected bill. All of the events concerning the bill of exception occurred during a two-day period—March 5–6, 1979—without any showing of participation by appellee's counsel. The transcript was delivered to appellant's counsel and filed in this court on the same day—March 6, 1979.

In *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968), the Court said:

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts."

This language has been used by and cited in dozens of cases, the most recent which has come to our attention being *Hynum v. First State Bank of Keene*, 575 S.W.2d 431, 432 (Tex.Civ.App.—Waco 1978, no writ).

■ After being unable to obtain a question and answer statement of facts because of his waiver of the presence of the court reporter at the hearing, appellant made no effort to procure a statement of facts by

other means which may have been utilized. See, e. g., *Stronck v. Stronck*, 538 S.W.2d 854, 856 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.); *Brown v. Brown*, 520 S.W.2d 571, 575 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).

■ Instead, he filed the lengthy request for additional findings of fact and conclusions of law which we have noted earlier. He now complains that it was error for the trial court to refuse such request. We disagree. It is veritable Hornbook law that the court is not required to make findings on evidentiary matters or on every controverted fact; thus, the failure so to do does not constitute reversible error. See. e. g., *Moore v. Campbell*, 254 S.W.2d 1018, 1024 (Tex.Civ.App.—Austin 1953, writ ref'd n.r. e.). See also *Garcia v. Ramos*, 546 S.W.2d 400, 403 (Tex.Civ.App.—Corpus Christi 1977, no writ). All points complaining of the failure to file the findings and conclusions are overruled.

In the case of *Provident American Ins. Co. v. Sargent*, 451 S.W.2d 773, 774 (Tex. Civ.App.—Waco 1970, writ dism'd), many cases are cited supporting this holding:

> "It is the settled rule in this state that a bill of exception cannot be used on appeal as a medium for supplying a statement of facts, however full the recital of facts in the bill might be."

■ The trial court, by letter to counsel, offered to approve the bill of exception tendered by appellant if the particular complaint was pointed out therein. We approve the action of the trial court in refusing to approve a bill of exceptions which was, in essence, appellant's version of the facts adduced upon the trial of the cause. The fact that the bill, as now presented to this court, is a bystanders' bill, adds nothing to its validity. We have not—because we have no authority so to do—given any consideration to the contents of the bill of exception.

In *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974), this language was used:

> "It is well established that Texas divorce courts are given wide discretion in making division of the property of the parties. That discretion will not be disturbed on appeal unless the court has clearly abused its discretion."

Indeed, the court in *Cusack v. Cusack*, 491 S.W.2d 714, 721 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd), noted that the provisions of *Tex. Family Code Ann. § 3.63 (1975)* do not require the division of the property to be equal. The court, citing several cases, restated the general rule and held that there is "a presumption in favor of the trial court's exercise of its discretion regarding division of property in a divorce action."

Having no statement of facts, we are unable to come to grips with appellant's basic complaints; consequently, the judgment is affirmed.

AFFIRMED.