**Sheldon E. RICHIE a/k/a Don Richie, Relator,**

v.

**Honorable Wyatt H. HEARD, Judge, Respondent.**

No. B–9914.

Supreme Court of Texas.

Feb. 11, 1981.

1. Statutory references are to Vernon's Texas Revised Civil Statutes Annotated.

Fulbright & Jaworski, Osborne J. Dykes, III, and Pike Powers, Jr., Houston, for relator.

Evans, Leach & Ames, Charles Evans, Hurst, for respondent.

GREENHILL, Chief Justice.

This is an original mandamus in this Court. Its purpose is to require Judge Wyatt Heard of Harris County to vacate an order which reinstated a case on the docket. The mandamus will be conditionally granted because Judge Heard's order of reinstatement came too late under Rule 165a, Texas Rules of Civil Procedure.

The suit was filed by Mr. and Mrs. Alison Bunch in 1975. Under the rules of the Harris County district courts, cases of a certain age are set for dismissal for want of prosecution; and they are dismissed unless reasons are shown why they should not be dismissed. This suit and many others were set for dismissal and were dismissed on April 8, 1980.

Counsel for the plaintiffs, whose office was in Tarrant County, did not receive notice of the setting for dismissal or the dismissal of the case. In September of 1979, he had obtained a setting for a hearing on the taking of depositions. His client, Mr. Bunch, had a massive heart attack in November of 1979, and he died in March of 1980.

In May of 1980, after the case had been dismissed in April of 1980, Mrs. Bunch's counsel wrote the clerk of Harris County requesting a setting of the case for August of 1980. A reply from the clerk informed counsel of the dismissal.

Counsel for the plaintiff had knowledge of the dismissal by May 19, 1980. On that date, he wrote to Judge Heard:

I have attempted to contact you by phone on several occasions, but have been unsuccessful in reaching you. There are certain matters which I would like to discuss with you concerning the above case, and would therefore sincerely appreciate your giving me a call collect at the above number at your earliest convenience.

Judge Heard did not reply.

While we do not find the motion in the record, it is agreed that counsel for the plaintiff filed a motion to reinstate on or about May 30, 1980.

June 19, 1980, was the thirtieth day after counsel received actual knowledge that the case had been dismissed.

On June 23, 1980, there was a hearing on the motion to reinstate. It was arranged by a telephone call from counsel's secretary to the district clerk. Counsel stated at the hearing that the reinstatement was the matter referred to in his letter of May 19, 1980, to Judge Heard.

At the hearing on June 23, Judge Heard stated that he would reinstate the case. Counsel for the defendant offered to present authorities to Judge Heard, but he declined to hear them. He told counsel for defendant, "You can take it up [to an appellate court] if you feel confident about that." Judge Heard signed an order on July 28, 1980, reinstating the case.

Rule 165a has been discussed in a series of mandamus cases by this Court set out below; and, for that reason, a discussion of the rule would be repetitious. The rule has two primary periods. As applicable here, it says that a party may reinstate the case at any time within thirty days after the party or his attorney receives actual notice of the dismissal. The cases say that under these circumstances, the trial court has authority to reinstate at any time within thirty days and not thereafter. *Northline Dodge, Inc. v. Compton, Judge*, 24 Tex.Sup.Ct.J. 196 (Jan. 24, 1981); *Walker v. Harrison, Judge*, 597 S.W.2d 913 (Tex.1980); *N–S–W Corporation v. Snell, Judge*, 561 S.W.2d 798 (Tex.1977).

As above noted, counsel had notice of the dismissal by May 19, 1980. Thirty days thereafter was June 19, 1980. Under Rule

165a, the above cases, and the circumstances set out above, Judge Heard had no power to reinstate the case by his signed order of July 28 or his oral pronouncement of June 23. It was his duty to grant the motion to vacate his order which reinstated the case.

It will be presumed that Judge Heard will act in accordance with this opinion, and the mandamus is conditionally granted. If he does not, a mandamus will issue:

McGEE, J., notes his dissent.