**Michael A. B. VIANELLO, Appellant,**

v.

**The CITY OF FORT WORTH,**
**Texas, Appellee.**

**No. 18534.**

Court of Civil Appeals of Texas,
Fort Worth.

March 12, 1981.

Michael A. B. Vianello, pro se.

Paul Isham, City Atty., and David Williams, Asst. City Atty., Fort Worth, for appellee.

OPINION

PER CURIAM.

By our opinion in this case we hold it to be proper to dismiss this appeal on the court's own motion due to want of jurisdiction and due to lack of record necessary to prevail on appeal.

The trial court dismissed the Vianello suit under Tex.R.Civ.P. 165a, "Dismissal for Want of Prosecution". Pertinent are the following dates: Order of dismissal: October 7, 1980; Motion to reinstate filed: November 21, 1980; Motion to reinstate heard: November 26, 1980; Motion to reinstate denied: December 8, 1980; Appeal bond: November 26, 1980. The appeal bond was filed more than 30 days after the order of dismissal.

On appeal Vianello has failed to comply with Tex.R.Civ.P. 21c, "Extension of Time on Appeal," specifically in that there was no timely request for an extension of time in which to file a statement of facts. Indeed, the appeal is obviously intended to be upon a transcript alone. Because a statement of facts would be necessary for Vianello to show this court an entitlement to prevail by his contention that the trial court erred in overruling his motion to reinstate (on a ground that he had not had actual notice of the trial court's intention to dismiss for want of prosecution) his appeal without any statement of facts is significant.

Tex.R.Civ.P. 165a speaks to two categories of motions to reinstate. In the first category, the court is required (within 30 days) to reinstate cases in which—within 30 days after the signing of the order of dismissal—the court finds, after hearing, that the failure of the party or his attorney to request a hearing or take some other action specified by the court was not intentional or the result of conscious indifference but was due to accident or mistake.

The first category of cases are to be reinstated (within 30 days) upon a finding of accident or mistake; the second category of cases may be reinstated upon a finding that the party or his attorney failed to receive notice.

In the second category contemplated under Tex.R.Civ.P. 165a, the exact time that the party (or his attorney) received notice of either the court's intention to dismiss or the actual dismissal is the focus. This category includes the time period from 20 days after the date of dismissal to six months

after the date of dismissal. The notice provisions of Tex.R.Civ.P. 165a (the second category of cases) apply only when the notice that the suit would be or has been dismissed is received within this time period (from 20 days after the dismissal order to no later than 6 months after the dismissal order).

■ Both categories require a hearing, but the ground for reinstatement in the first category is accident or mistake (with no conscious indifference) while the ground for the second category is that the party failed to receive notice. Once the date of actual notice is established in a hearing, the court has the authority for only 30 days after that date in which it may, upon proper findings, reinstate the case, and after that 30 days it is without jurisdiction to do anything other than to deny reinstatement. If the proper proof of no notice as of the time of dismissal can be made within the six month period following dismissal but such proof is not made until after 30 days have passed from the time of actual notice, the court has no jurisdiction to reinstate the suit. In other words, within the six months following an order of dismissal, a party has only 30 days from date of actual notice in which to move to have the case reinstated due to lack of notice of the court's intent or order to dismiss. At the end of such 30 days, the court's jurisdiction will have ended; therefore any order entered after expiration of such 30 days, though proper if in denial of reinstatement, would be a nullity if it ordered reinstatement.

■ Vianello's claims, if proved, would place the case before us within the second category of Tex.R.Civ.P. 165a cases. On hearing Vianello had the burden of proof to establish jurisdiction of when he was "on notice." In the absence of such, with no finding in accord with his contention by the trial court, no jurisdiction could be deemed to exist. In establishing jurisdiction, Vianello must show timely action in his own behalf and also prevail upon the court to enter an order of reinstatement within 30 days of the dismissal; failing this, his only recourse would be to seek relief as limited by those who are applicants for reinstatement in the second category explained above.

Vianello, exactly as all applicants in the second category, would be presumed to have had timely notice of the court's intent to dismiss his case or of the accomplishment of that dismissal. If by his motion to reinstate, Vianello had raised appropriate issue upon notice but yet failed to convince the court by his evidence, then as an appellant before this court he would be helpless to demonstrate error without a statement of facts, and he has appealed without such as part of his record. Because of its absence, no determination can be made either of the validity of his complaint nor of the existence of jurisdictional authority of the trial court to have granted him reinstatement. With the record presented, we could not hold abuse of discretion by the trial court in refusing reinstatement.

The only record that we have is the transcript in which it is indicated that, after a hearing on the issues relating to withdrawal of certain funds and to the motion to reinstate Vianello's suit, someone prepared an order for the trial court which was overbroad. The judge struck out language not to be a part of the order. The whole, however, appears by the Xerox copy used by the transcript clerk. Therein was language (proposed to the court) relating to the first category of cases contemplated by Tex.R.Civ.P. 165a; this language was struck out for purposes of the final order.

■ The deleted language was to the effect that the court found Vianello's failure to take specific action prior to dismissal of the suit for want of prosecution "was not intentional or the result of conscious indifference but was due to an accident or mistake." There was no language in the order, either crossed out or left remaining, to the effect that Vianello had failed to receive timely notice of either the court's notice of intention to dismiss his suit or the accomplished dismissal. The material portion of the order denied reinstatement. We deem it obvious that absent either a statement of facts or a finding by the court supporting his position (and there is neither), Vianello cannot establish on appeal that he was entitled to have his suit reinstated.

Having determined 1) that the appeal bond was not timely filed (as applied to the dismissal order); 2) that the record is inadequate to show the motion to reinstate to have been timely filed and that the trial court's jurisdiction existed at the time of hearing on the motion or the time of the order denying reinstatement; and 3) that the necessary statement of facts was not made a part of the record on appeal, the appeal is ordered dismissed.

Our dismissal of the appeal is basically because of want of jurisdiction, but also because of the inability to show jurisdiction of the trial court in view of the absence of the statement of facts, coupled with inability to demonstrate error apart from the question of that jurisdiction by reason of the absence of a statement of facts. Of particular value in our determination were the following: *Danforth Memorial Hospital v. Harris*, 573 S.W.2d 762 (Tex.1978); *Harris County v. Miller*, 576 S.W.2d 808 (Tex. 1979); *Southern Pacific Transportation Company v. Stoot*, 530 S.W.2d 930 (Tex. 1975); *Allen v. Bentley Laboratories, Inc.*, 538 S.W.2d 857 (Tex.Civ.App.—San Antonio 1976, writ ref. n.r.e.); *Rizk v. Mayad*, 603 S.W.2d 773 (Tex.1980); *Richie v. Heard, Judge*, 611 S.W.2d 419, 24 Tex.Sup.Ct.J. 233 (February 14, 1981); *Northline Dodge Inc. v. Compton, Judge*, 24 Tex.Sup.Ct.J. 196 (January 24, 1981).