Charles C. EL CHIDIAC, Appellant,

v.

George L. CRAMER, et al., Appellees.

No. 05–87–00433–CV.

Court of Appeals of Texas,
Dallas.

April 6, 1988.

Rehearing Denied May 27, 1988.

William M. Jones, Dallas, for appellant.

D. Ronald Reneker, Dallas, for appellees.

1. The Honorable W.A. Hughes, Justice, retired, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

Before ENOCH, C.J., and HUGHES[1] and ASHWORTH[2], JJ.

HUGHES, Justice.

Charles C. El Chidiac has appealed the judgment which ordered dismissal of his law suit against George Cramer, Hotel Baton Rouge, Ltd. and Amir Vitani, Inc. The judgment was ordered as a sanction against Mr. El Chidiac for failure to make discovery as ordered by the trial court.

We affirm.

Mr. El Chidiac has assigned two points of error in this appeal. First, he asserts that the trial court abused its discretion in dismissing his cause of action for want of prosecution "With Prejudice."

Mr. El Chidiac filed the law suit on December 4, 1985, against the appellees. His suit alleged that appellees owed him for his interest in some income producing properties and cited an agreement which had proportioned the shares of Mr. El Chidiac and the appellees.

Appellees filed interrogatories to Mr. El Chidiac on May 30, 1986. Mr. El Chidiac's attorneys, Vassalo and Ashmore, moved for continuance of the October 13, 1986, setting of trial. Such motion noted that Mr. El Chidiac's counsel had filed a motion to withdraw on October 10, 1986. At a hearing conducted on that date on that motion, Mr. El Chidiac's motion for continuance and a motion to compel discovery filed by appellees were presented. The trial court granted all three motions.

The motion to compel ordered Mr. El Chidiac to respond to the interrogatories and request for production of documents by November 10, 1986.

The court ordered the trial to be re-set and that Vassalo and Ashmore send a copy of the court's order on the three motions to Mr. El Chidiac at his last known address. The letter was sent. Mr. El Chidiac did not

2. The Honorable Clyde R. Ashworth, Justice, retired, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

answer the interrogatories in the time prescribed.

At this time, appellee's motion for sanctions and alternative motion to dismiss for want of prosecution was filed. The motion was mailed to appellant at the address designated in Vassalo and Ashmore's letter.

A hearing was held on December 19, 1986, at the close of which the motion for sanctions was granted and the case dismissed with prejudice. An order dismissing the case was entered on December 30, 1986.

■ January 23, 1987, was the date Mr. El Chidiac's new counsel filed a motion for reinstatement. This motion was denied after a hearing was had on March 6, 1987. The filing of an amended motion for reinstatement followed on March 13, 1987. Hearing was held on that day with testimony being taken before the trial court. Denial of such motion was noted on the same date. An order denying the motion was signed on March 20, 1987. We overrule point of error one. No statement of facts was included in the records before us. Testimony was taken in an evidentiary hearing on the amended motion. Mr. El Chidiac's *point of error is the trial court's denying* reinstatement of the case. We are required to presume, therefore, that the evidence supported the action of the court in denying reinstatement. *Jaramillo v. Liberty Mutual Fire Ins. Co.*, 694 S.W.2d 585 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Vianello v. City of Fort Worth*, 613 S.W.2d 543 (Tex.Civ.App.—Fort Worth 1981, no writ).

■ We overrule Point of Error Two for the reason that the dismissal with prejudice in this case was part of a sanction, not a dismissal for want of prosecution. Under Rule 215 of the Texas Rules of Civil Procedure, the trial judge is limited in administering sanctions only to "such orders in regard to the failure as are just." Dismissal with prejudice is included as an option. *Gonzales v. Conoco, Inc.*, 722 S.W.2d 247 (Tex.App.—San Antonio 1986, no writ). The Supreme Court of Texas sustained a striking of pleadings sanction that achieved the same result as a dismissal with prejudice. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985).

Having overruled the only two points of error submitted by Mr. El Chidiac, we affirm the trial court's judgment.