CLONE COMPONENT DISTRIBUTORS OF AMERICA, INC. and Edmund X. Ramirez, Sr., Appellants,

v.

The STATE of Texas, Appellee.

No. 05–90–01590–CV.

Court of Appeals of Texas, Dallas.

Oct. 21, 1991.

Dean Carlton, Dallas, for appellant.

Craig Jordan, Juliet C. Romero, Dallas, for appellee.

Before BAKER, LaGARDE, and MALONEY, JJ.

## OPINION ON REHEARING

LAGARDE, Justice.

The State's Motion for Rehearing is granted. Our opinion of August 2, 1991, is withdrawn. The following is now our opinion.

Clone Component Distributors of America, Inc. (Clone) and Edmund X. Ramirez, Sr. allege numerous procedural errors by the trial court. The trial court entered a default judgment against Clone and Ramirez and ordered them to pay restitution, attorney's fees, civil penalties, and $50,000 as a discovery sanction. We affirm the trial court's default judgment on liability and civil penalties. We reverse the discovery sanction of $50,000, attorney's fees of $43,500, and $21,677.50 in restitution damages. We remand for a jury trial on damages and attorney's fees.

Ramirez was president of Clone, a business that sold personal computers by mail. The State filed this lawsuit alleging that appellants violated the Texas Deceptive Trade Practices Act. TEX.BUS. & COM.CODE ANN. §§ 17.41–17.63 (Vernon 1987 & Supp. 1991). The State alleged that appellants misrepresented expected delivery dates of merchandise, failed to deliver merchandise already paid for, and failed to issue requested refunds for undelivered merchandise.

### PARTIAL STATEMENT OF FACTS

In their first point of error, appellants allege that the trial court erred in striking their pleadings. The State attempted to depose both appellants. Clone did not appear for the deposition. Ramirez refused to answer any questions except to give his name, citing his right against self-incrimination. U.S. CONST. amend. V. The State filed a motion for sanctions. The trial court held a hearing on this motion. A statement of facts is not available for this hearing because the trial court denied appellants' request for the presence of a court reporter.

■ The fifth amendment may be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory. *Maness v. Meyers*, 419 U.S. 449, 464, 95 S.Ct. 584, 594, 42 L.Ed.2d 574 (1975). The witness is not the exclusive arbiter of his right to exercise the privilege against self-incrimination. *Ex parte Butler*, 522 S.W.2d 196, 198 (Tex.1975); *Smith v. White*, 695 S.W.2d 295, 297 (Tex.App.—

Houston [1st Dist.] 1985, no writ). The trial judge is entitled to determine whether the refusal to answer appears to be based upon the witness's good faith and is justifiable under all the circumstances. *Butler,* 522 S.W.2d at 198. The trial court is authorized to strike a party's pleadings for abuse of the discovery process. TEX. R.CIV.P. 215(2)(b)(5) & 215(3). The standard for reviewing the court's decision on discovery sanctions is whether the trial court clearly abused its discretion. *Hanley v. Hanley,* 813 S.W.2d 511, 516 (Tex.App.— Dallas 1991, no writ). The test is not whether the trial court decided a different way than the appellate court would decide, but whether the trial court's decision was arbitrary or unreasonable, without reference to any guiding rules and principles. *Id.*

A reviewing court must examine the entire record in order to determine whether an error was reasonably calculated to cause and probably did cause an improper judgment. *Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990); *Gomez Leon v. State,* 426 S.W.2d 562, 565 (Tex.1968). The record in this case includes only a partial statement of facts; a court reporter was not present at all of the evidentiary hearings. Appellants failed to obtain a complete statement of facts and have not presented a narrative statement to this Court. *See* TEX.R.APP.P. 53. A narrative statement is an alternative procedure to the official statement of facts that enables the appellate court to determine whether there is error in the judgment. TEX. R.APP.P. 53(i). Appellants have not demonstrated due diligence in seeking to obtain or provide a statement of facts as required. *Stronck v. Stronck,* 538 S.W.2d 854, 857 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).

Without a complete statement of facts or a narrative statement, we cannot determine whether the trial court erred in striking appellants' pleadings. *Stronck,* 538 S.W.2d at 857. In its order striking appellants' pleadings, the trial court notes that it reviewed Ramirez's deposition testimony. Appellants did not present the dep-

osition to this Court. We must presume that the evidence supports the action of the trial court. *El Chidiac v. Cramer,* 756 S.W.2d 325, 326 (Tex.App.—Dallas 1988, writ denied). We overrule appellants' first point of error.

In their second and fourth points of error, appellants allege that the trial court erred in denying them a record on the hearing of the State's motion to compel and in denying Ramirez another opportunity to respond to certain deposition questions after determining that his constitutional rights did not extend to those questions. The trial court noted, in its order striking the pleadings, that Ramirez's counsel offered "to produce Ramirez to respond to specific questions." The trial court declined the offer. Without a statement of facts or, in the alternative, a narrative statement, we are unable to determine which questions Ramirez offered to answer. We cannot determine whether Ramirez retained his fifth amendment claim to some questions. Without some evidence of the discussions during the hearing, we cannot determine error. Appellants waived any error by failing to submit a narrative statement. *Stronck,* 538 S.W.2d at 857. We overrule these points.

In their third point of error, appellants allege that the trial court erred in refusing to hear evidence concerning the applicability of the fifth amendment to their deposition questions. *Maness,* 419 U.S. at 460– 61, 95 S.Ct. at 592–93; U.S. CONST. amend. V. In its order striking the pleadings, the trial court notes that it considered the arguments of counsel and "the attempts of Defendant Ramirez, through his counsel, to demonstrate his constitutional rights." This statement indicates that the trial court listened to some evidence. We cannot determine whether any evidence was refused.

Two methods are available for preserving error arising from the exclusion of testimony. These include a formal and an informal bill of exceptions. *Greenstein, Logan & Co. v. Burgess Mktg., Inc.,* 744 S.W.2d 170, 178 (Tex.App.—Waco 1987, writ denied). Either bill of exception must show that the evidence was actually of-

fered and excluded. It must include the substance of what was excluded. *Id.* Appellants did not make a bill of exception and, thus, waived their objection. We overrule appellants' third point.

## MONETARY SANCTION

■ In their seventh and eighth points of error, appellants contend that the trial court erred in ordering a $50,000 monetary sanction. The court imposed the monetary sanction for abuse of discovery. The trial court may impose appropriate sanctions when it finds that a party is abusing the discovery process. *Owens–Corning Fiberglas Corp. v. Caldwell*, 807 S.W.2d 413, 415 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding); Tex.R.Civ.P. 215(3). Appropriate sanctions for abuse of discovery are specifically delineated and limited by rule 215(3). Any monetary sanctions available for abuse of discovery are limited to reasonable expenses, including attorney's fees, caused by the abuse. Tex. R.Civ.P. 215(2)(b)(2) & 215(2)(b)(8). The State offered no evidence on its expenses caused by the abuse. The $50,000 sanction has no support in the record. The trial court has no authority to assess monetary fines. *Owens–Corning*, 807 S.W.2d at 415. We sustain appellants' seventh and eighth points of error.

## JURY TRIAL

■ In their tenth point of error, appellants allege that the trial court erred in denying them a jury trial. Appellants had demanded a jury trial and paid the fee in a timely manner. Tex.R.Civ.P. 216. A default judgment rendered for failure to permit discovery does not dispense with the necessity for a jury trial on the issue of damages or attorney's fees. *Brantley v. Etter*, 662 S.W.2d 752, 756 (Tex.App.—San Antonio 1983), *writ ref'd n.r.e. per curiam*, 677 S.W.2d 503 (Tex.1984). A trial court is not authorized to deny a jury trial on damages or attorney's fees when a demand has been made, the jury fee paid, and an objection made to the withdrawal of the case from the jury docket. *Brantley*, 662 S.W.2d at 756.

In this case, appellants timely demanded a jury trial and paid the jury fees. Tex. R.Civ.P. 216. They objected to removal of the case from the jury docket. The trial court erred in denying them a jury trial on the issue of damages and attorney's fees. *Brantley*, 662 S.W.2d at 756. We sustain appellants' tenth point of error.

## INADEQUATE BRIEF

■ In their fifth, ninth, and eleventh points of error, appellants allege that the trial court erred by prohibiting their counsel from objecting to the procedures of the court, ordering them not to participate in the proceedings, and "conducting a continuous course of action depriving them of due process." An appellant's brief must include page references to the record, citations of authorities relied upon, and a discussion of the facts to support the point at issue. *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 810 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dismissed*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988); Tex.R.App.P. 74(f). By citing no authority to support their points, appellants waived these points. *Id.* We overrule the fifth, ninth, and eleventh points.

## TELEPHONIC DEPOSITIONS

Appellants allege in their sixth point that the trial court erred in overruling their objections to depositions taken by telephone without the deponents being present before an authorized reporter. The State telephonically deposed eight witnesses located outside Texas and one witness located in Bridge City, Texas. The court reporter recorded the depositions from the office of the Assistant Attorney General in Dallas, Texas. Appellant brings three arguments in support of his contention that the court reporter must be physically present in the same room with the deponent: (1) the Rules of Civil Procedure require it; (2) the reporter could not otherwise know who actually took the oath or made the answers; and (3) the identification of exhibits and questions regarding them could be hampered by the attorneys, the witness,

and the reporter not knowing which exhibits are being discussed. We address each of these arguments in turn.

### Requirements of the Rules of Civil Procedure

Rule 202(2) permits telephone depositions if the parties stipulate to them in writing or if the court on motion orders them. The rule also states that, "[f]or the purposes of this rule [202] and rules 201, 215–1a and 215–2a, a deposition taken by telephone is taken in the district and at the place where the deponent is to answer questions propounded to him." TEX. R.CIV.P. 202(2). Because all of the depositions except one involved deponents situated outside Texas during their examination, all but one of the depositions are considered to have been taken in a foreign jurisdiction. When a deposition is taken in a sister state, rule 188(1) provides that the deposition may be taken "on notice before a person authorized to administer oaths in the place the examination is held, either by the law thereof or by the law of the State of Texas." TEX.R.CIV.P. 188(1). Appellants do not challenge the authority of the court reporter to administer the oaths but instead assert that, by stating that the deposition be taken *"before* a person authorized to administer oaths," the rule requires that the person administering the oath and the deponent be physically present in the same room.

We disagree with appellants' strict interpretation of the preposition "before." To be "before" someone means to be "in the presence of" the person. 2 THE OXFORD ENGLISH DICTIONARY 63, 64 (2d ed. 1989); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE 197 (1981). When two people talk to each other on the telephone, they are within each other's vocal and aural presence. Appellants fail to explain why a deposition, which consists solely of the recording of the deponent's spoken words, requires anything more than the vocal and aural presence of the deponent. To require the State to hire a separate court reporter for each witness in order that the reporter can be in the physical presence of the deponent when a single reporter could adequately record all of the depositions over the telephone without harm to the rights of appellants would not be in accordance with our duty to interpret the Rules of Civil Procedure liberally "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law ... with as great expedition and dispatch and at the least expense ... to the litigants ... as may be practicable." TEX. R.CIV.P. 1. Therefore, because appellants have failed to articulate any harm they may have suffered due to the court reporter's failure to be in the physical presence of the deponents, we hold that the requirement of rule 188(1) that the deposition be taken "before" a person authorized to take oaths was satisfied by the court reporter's being in the vocal and aural presence of the deponent through the use of the telephone.

As for the other rules concerning depositions, rule 204 sets out the procedure for conducting an oral deposition. That rule requires that the deponent be sworn and that the testimony be transcribed. Nowhere do the Rules of Civil Procedure require that the deponent be physically present before the court reporter either for being sworn or for the recording of the testimony.[1] Appellants' argument that the Rules of Civil Procedure require that the deponent be in the same room as the court reporter is without merit.

### Identification of the Deponent at Time of Oath and Examination

Appellants' next argument contends that, unless the deponent is physically present

---

1. The relevant parts of rule 204 require only the following:

  2. Oath. Every person whose deposition is taken upon oral examination shall be first cautioned and sworn to testify the truth, the whole truth and nothing but the truth.

  3. Examination. The witness shall be carefully examined, his testimony shall be recorded at the time it is given and thereafter transcribed by the officer taking the deposition, or by some person under his personal supervision.

  TEX.R.CIV.P. 204(2) & (3).

before the court reporter, the court reporter will be unable later to identify the person who was sworn and answered the questions. Neither party cites, nor has our research uncovered, any case law dealing directly with the issue of whether the deponent must be physically present before the deposition officer who administers the oath. We have, however, found similar cases. Service of a subpoena by telephone was held inappropriate in *Ex parte Terrell,* 95 S.W. 536 (Tex.Crim.App.1906). In reversing a contempt conviction, the Court of Criminal Appeals held that a voice identification was inferior to a personal viewing of the witness by the officer. *Id.* at 537–38.

Nearly on point is *Sullivan v. First National Bank,* 37 Tex.Civ.App. 228, 83 S.W. 421 (1904, no writ). On the first day of trial, the defendant became ill, and his attorney filed a motion for continuance. The clerk noted that the motion was sworn to "by calling [defendant] to the telephone, and asking him whether the contents of the foregoing application for continuance which I had heard read to him over the 'phone by [his attorney] were true, to which he under oath answered in the affirmative." *Id.* 83 S.W. at 421. The trial court refused to consider the application on the ground that it could not be properly sworn to over the telephone. The appellate court affirmed. *Id.*

A chief concern of the court in *Sullivan* was that a telephone oath would not subject the affiant to "the pains and penalties of perjury." *Id.* 83 S.W. at 422. When someone swears to the truth of something in person, he subjects himself to the penalties of perjury because the officer who swore him could later identify him as the person who took the oath even if he swore under a false name. *Id.* When someone takes an oath over the telephone, however, the officer who swears him is limited to the name the person gives. If that name is false, then, unless the officer is well acquainted with the individual so as to recognize his voice with certainty, the officer will have no means of identifying the perjurer. *Id.* As the State concedes in its motion for rehearing, those concerns

are as valid today as when *Sullivan* issued. In the context of a deposition, however, these concerns are not insurmountable. Unlike the affiant in *Sullivan,* a deponent takes two oaths. The first oath is administered when the deposition is taken. *See* TEX.R.CIV.P. 204(2). The deponent takes a second oath when signing the deposition before a notary. *See* TEX.R.CIV.P. 205. If the witness commits perjury, the State can still prove its perjury case against him by having the notary identify him. If the witness refuses to sign the deposition, the trial court may suppress the deposition pursuant to rule 207. *See* TEX.R.CIV.P. 207.

As for appellants' argument that the court reporter cannot be certain whether the person answering the questions is the same person who was sworn, the second oath resolves this issue as well. The person who signs the deposition before the notary swears that the testimony is truthful and his own. Therefore, even if the person who signed the deposition did not give the deposition testimony, he adopted it by signing the deposition and is subject to the penalty of perjury for it as if he had given it. If an attorney suspects that the witness may attempt to have someone with a similar voice take the oath or answer some or all of the questions, then the attorney may travel to the witness's location and personally observe the witness during the deposition. Appellants' argument that the witness must be physically present before the court reporter to be sworn and answer questions is without merit.

### Identification of Exhibits

In their final argument, appellants assert that the attorneys, the witness, and the court reporter will be unsure of which exhibits have been identified and whether the deponent at one end of the telephone line has copies of the same exhibits as the attorneys at the other end of the line. This problem, however, is easily remedied. One solution is to send to the witness before the deposition marked copies of the exhibits to be used during the deposition and to have the witness identify the exhibit in his possession during the deposition. The witness should then be instructed to examine the

exhibits in the deposition when he receives it for his signature and to note any discrepancies on the deposition before signing it. Another solution is to send a copy of the exhibit to the witness during the deposition by facsimile or "fax" machine. *See Bywaters v. Bywaters,* 123 F.R.D. 175, 176 (E.D.Pa.1988). In this case, the State's attorney followed the first procedure. No confusion on the part of the witnesses, the attorneys, or the court reporter is evident from the depositions, and none of the witnesses found any discrepancies between the exhibits attached to the deposition and the exhibits in their possession during the questioning. Appellants' argument is without merit. We overrule appellants' sixth point.

We affirm the trial court's default judgment on liability and civil penalties. We reverse the $50,000 discovery sanction, the $43,500 award of attorney's fees, and $21,677.50 in restitution damages. We remand for a jury trial on damages and attorney's fees.