NO. 07-00-0023-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 27, 2001

______________________________

TOMMY BAGSBY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 194
TH
 DISTRICT COURT OF DALLAS COUNTY;

NO. F-9848556-TM; HONORABLE HAROLD ENTZ, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Tommy Bagsby appeals from his conviction for murder and sentence of 40 years confinement in the Texas Department of Criminal Justice, Institutional Division.  He challenges the legal sufficiency of the evidence to sustain the jury’s implied finding against his affirmative defense of self-defense, the trial court’s refusal to require the State to produce notes of an interview with a witness, and the effectiveness of his counsel’s assistance.  We affirm.

I.  BACKGROUND

On May 30, 1998, appellant shot and killed Freddie Wilson.  Wilson was a boyfriend of appellant’s ex-wife, Faye.  The shooting took place at Faye’s house when appellant returned to the house with their children, and Wilson was present at the house.  Wilson had a pistol; appellant had a rifle.  When appellant exited his car, a confrontation occurred.  Appellant shot Wilson two times.  Appellant admitted shooting Wilson.  He insisted that the shooting was in self-defense.  The jury found appellant guilty, thereby impliedly rejecting his affirmative self-defense plea.  The jury assessed punishment at confinement for 40 years. 

Appellant challenges his conviction via three issues: (1) the evidence is legally insufficient to sustain the jury’s implicit rejection of his self-defense issue; (2) the trial court erred in refusing to order the State to produce its notes of a witness interview when the witness reviewed the notes before trial; and, (3) appellant was denied effective assistance of counsel both at trial and during the initial stages of appeal.  The State responds to the issues, respectively, by asserting that (1) the evidence was conflicting as to whether appellant or Wilson was the aggressor, was resolved against appellant by the jury, and was therefore legally sufficient; (2) the record does not show that the witness used notes taken by the prosecutor to refresh the witness’ memory, and the trial court’s refusal to order production of the prosecutor’s work product was correct; and, (3) the record does not prove either that trial counsel’s representation was deficient or that the alleged deficient conduct prejudiced the outcome of the trial, and moreover, the alleged deficiencies did not, to a reasonable probability, affect the results of the trial.  We will address the issues in the order presented by appellant.

II.  LEGAL SUFFICIENCY OF THE EVIDENCE AS 

TO ISSUE OF SELF-DEFENSE

Appellant’s first issue urges that the evidence is legally insufficient to support the jury’s implicit rejection of his self-defense issue by its finding of guilty.  He recognizes the appropriate standard by which we must review the jury finding of guilt and whether it is supported by any evidence.    

A.  LAW

When a defensive issue is raised, and the State has the burden of proof to negate the defense, 
see
 
Tex. Pen. Code Ann
. § 2.03 (Vernon 1994), then legally sufficient evidence supporting a conviction exists if, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found against the appellant on the defensive issue beyond a reasonable doubt.  
See
 
Adelman v. State
, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992).  Therefore, a jury implicitly rejects a defense by finding the defendant guilty.  
Id.
 at 422.  

As an appellate court reviewing a challenge to the legal sufficiency of the evidence, we consider all the record evidence, including direct and circumstantial, both admissible and inadmissible, in the light most favorable to the jury’s verdict.  
Johnson v. State
, 967 S.W.2d 410, 411 (Tex.Crim.App. 1998).  The evidence is measured against a hypothetically-correct jury charge.  
Malik v. State
, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

If evidence is admitted supporting a defense and the issue of the existence of the defense is submitted to the jury, then the jury is to be charged that the existence of a reasonable doubt on the issue requires the defendant to be acquitted.  
Tex. Pen. Code Ann
. § 2.03(c), (d) (Vernon Supp. 2000).
(footnote: 1)  It is a defense to prosecution for a crime that the conduct in question is justified under provisions of Chapter 9 of the Penal Code.  Section 9.02.  Self-defense and the use of deadly force in the defense of persons are justified under Chapter 9.  
See
 Sections 9.31, 9.32. 

In this regard, the use of deadly force is justified only when (1) the accused would have been justified in using force under section 9.31, (2) a reasonable person in the accused's situation would not have retreated, and, (3) deadly force was reasonably believed to be immediately necessary to protect the accused against another's use of unlawful deadly force, or to prevent certain specified crimes, like murder.  Section 9.32(a);  
Werner v. State
, 711 S.W.2d 639, 644 (Tex.Crim.App. 1986).  Finally, one is justified in using force against another, under section 9.31, when and to the degree that he reasonably believes the force is immediately necessary to protect himself against the other person's use or attempted use of unlawful force.  
Id
. at section 9.31(a) (Vernon 1994).  The trial court’s charge included these self-defense issues.  

B.  ANALYSIS

Turning to the sufficiency review, pertinent evidence in the record supports the jury’s findings against the appellant.  The evidence reflects that Rita Peacox, appellant’s wife’s sister, testified that she heard appellant threaten that “the very next time I see [decedent Wilson], I’m going to pop him . . . .”   Appellant was upset about Wilson’s presence.   Jerry Adams, who was sitting at the domino table in the front yard, testified that he saw appellant get out of his car pointing the rifle at Wilson, and that at no time did he see Wilson point a gun at appellant.  Adams testified that according to what he saw, appellant was the only person with a gun.  Timothy Bailey, the operator of the “bounce house,” testified that he saw the butt of a rifle through the window of appellant’s car while it was moving slowly in front of the house.  Bailey also heard the man with the gun say, “you called me a punk.”   Then, Bailey heard the gun fire and when he turned around to look, Wilson was doubled over holding his mid-section. Bailey also testified that he saw Wilson with a pistol in his hand, but that Wilson had been hit and was bent over.  Testimony from Joseph Hughes, who was sitting at the table with Wilson at the time appellant returned to the party with the rifle, testified that Wilson was fumbling under his shirt to retrieve his pistol during the time that appellant was telling Joseph to move.  There was no evidence that the Ruger pistol Wilson had on his person had been fired.             

There is some evidence on which a rational jury could have found beyond a reasonable doubt against appellant on the self-defense issue.  Accordingly, we overrule appellant’s first issue.  

III.  FAILURE OF TRIAL COURT TO REQUIRE

STATE TO PRODUCE NOTES OF JUROR INTERVIEW

By his second issue, appellant asserts that he was entitled to have the prosecutor produce notes taken by the State during an interview of a testifying witness.  In support of his issue, appellant cites testimony by the witness to the effect that the witness reviewed the prosecutor’s notes at some time.  Although appellant claims that he was entitled to the notes because the witness reviewed them prior to testifying, appellant does not refer us to any part of the record which demonstrates that the witness used the notes to refresh his memory in order to testify, or that appellant requested that the notes be examined by the trial court in camera, or that the notes be made a part of the record for purposes of appeal.

If a witness in a criminal case uses a writing to refresh his or her memory for the purpose of testifying either (1) while testifying, or (2) before testifying, then the adverse party is entitled to have the writing produced for inspection, cross examination of the witness thereon, and for introduction into evidence of those portions which relate to the testimony of the witness.  
Tex. R. Evid
. 612.   

 Here, even though appellant argues that the trial court erred in not preserving the notes as part of the record, it was appellant’s duty to request the court to include the notes as part of the record either by an offer of proof during trial, 
see
 
Tex. R. Evid
. 103 (a)(2), or by a bill of exception.  
See
 
Tex. R. App. P
. 33.2; 
see
 
also
 
Clone Component Distribs., Inc. v. State
, 819 S.W.2d 593, 596 (Tex.App.–Dallas 1991, no writ).  Appellant did not make either  request of the court and therefore did not preserve error for review on appeal.  Furthermore, there is no evidence from the record to establish that the witness, Adams, did in fact use the prosecutor’s notes to refresh his memory for the purpose of testifying.  Therefore, appellant’s contention under Rule 612 must fail.  
See
 
Tex. R. Evid. 612. 
  The record does not establish that the prosecutor’s notes were in any way adopted by the witness.  Appellant’s second issue is overruled.  
See
 
Pondexter v. State
, 942 S.W.2d, 577, 582 (Tex.Crim.App. 1996).

IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

 Appellant’s third issue claims that his trial counsel was ineffective in that counsel did not investigate appellant’s criminal background.  The harm which appellant claims to have suffered as a result of counsel’s failure to investigate is that when, at the guilt-innocence stage of trial, appellant testified to the jury that he had not been previously arrested for a felony or a crime of moral turpitude, his counsel did not correct him or somehow save him from the State’s use of his past record of arrest for aggravated assault with a deadly weapon to impeach him.  Then, because of his testimony, during the punishment phase of trial, the State further impeached him by introducing evidence of his arrest and pleas of 
nolo contendere
 to two theft offenses.  

Appellant also urges that his first appellate counsel was ineffective.  His basis for such assertion is that his first appellate counsel did not fully develop a record as to the ineffectiveness of his trial counsel.  He posits that because no hearing was held on his motion for new trial, he cannot show the reasons for trial counsel’s actions which appellant is asserting on this appeal to have constituted ineffective assistance, and that his appeal is thereby impaired. 

When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis set forth by the United States Supreme Court in 
Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  
See
 
Hernandez v. State
, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopting 
Strickland
 as applicable standard under Texas Constitution).  Under the first prong of the 
Strickland
 test, an appellant must show that counsel's performance was "deficient."  
Strickland
, 466 U.S. at 687.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  
Id
. To be successful in this regard, an appellant "must show that counsel's representation fell below an objective standard of reasonableness."  
Id
. at 688.  Under the second prong, an appellant must show that the deficient performance prejudiced the defense.  
Id
. at 687.  The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  
Id
. at 694.  Appellant must prove both prongs of 
Strickland
 by a preponderance of the evidence in order to prevail.  
Tong v. State
, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000);
 
McFarland v. State
, 845 S.W.2d 824, 842 (Tex.Crim.App.1992).

Judicial review of an ineffective assistance of counsel claim must be highly deferential to counsel and avoid using hindsight to evaluate counsel’s actions.  
Ingham v. State
, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984).  
Under the 
Strickland
 test, the defendant bears the burden of proving ineffective assistance.  In addition, when reviewing a claim of ineffective assistance, a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.  
Tong
, 25 S.W.3d at
 712; 
Jackson v. State
, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).  If the record is silent about the reasons for the questioned actions or omissions, then an appellate court would have to speculate as to the reasons for the actions or alleged omissions on the part of trial counsel.  A decision based on speculation would be based on no evidence; even though the actions or alleged omissions might be objectively unreasonable representation under the first prong of the 
Strickland
 test.  
Id.
 
 Without some explanation as to why counsel acted as he did, we presume that his actions were the product of an overall strategic design.  
Tong
, 25 S.W.3d at 714.  
The standard is the same at either the guilt-innocence or punishment stage of a non-capital trial.  
Hernandez v. State
, 988 S.W.2d 770, 771 (Tex.Crim.App. 1999)
.  

Our review of the record confirms appellant’s representations: (1) the record does not demonstrate why trial counsel made the decisions he made, either at the guilt-innocence phase of trial or at the punishment phase of trial; and (2) the record does not demonstrate why appellant’s first appellate counsel conducted the initial parts of this appeal in the manner in which it was conducted. 
The burden of proof is on appellant to prove ineffective assistance of counsel.  He has not done so.  We may not base our decision on speculation as to the reasons on which prior counsel based their actions.  We must base our decision on the record presented.  
See
 
Tong
, 25 S.W.3d at 714.  
Appellant’s third issue is overruled.  

CONCLUSION 

Having overruled all of appellant’s issues, we affirm the judgment of the trial court.  

Phil Johnson

    Justice

Do not publish.

FOOTNOTES
1:
Further references to the Penal Code will be by reference to “Section_.”