**Ex parte Gerald D. BUTLER, Relator.**

**No. B–5084.**

Supreme Court of Texas.

April 23, 1975.

Rehearing Denied May 21, 1975.

Mahoney, Shaffer, Hatch & Layton, Lee Mahoney, Corpus Christi, Robert H. Hughes, Austin, for relator.

John L. Hill, Atty. Gen., Lee C. Clyburn, Asst. Atty. Gen., Austin, for respondent.

REAVLEY, Justice.

This is an original habeas corpus proceeding. Relator Gerald D. Butler was held in contempt of court and sentenced to three days in the Nueces County jail by Honorable Jack R. Blackmon, Presiding Judge of the 28th Judicial District, because of Butler's refusal to answer a question in the course of his deposition being taken before the court. Butler claimed that he was entitled to remain silent in the exercise of his privilege against self-incrimination.

The State of Texas has filed suit against relator Butler wherein it alleges that Butler owned a tract of land in Karnes County where he was violating the Texas Solid Waste Disposal Act and the Texas Water Quality Act by the disposal of industrial solid waste without permission of the Texas Water Quality Board. By that suit the State seeks injunctive relief as well as the recovery of civil penalties of not less than $50 nor more than $1,000 for each day and act of violation. In the course of obtaining discovery preparatory to the trial of the case, the State through its Attorney General began the taking of the deposition of Butler before Judge Blackmon. After preliminary inquiries and answers as to the ownership of the tract of land and identification of an aerial photograph of that land, which photograph shows a small body of water and a dirt road that extends from a paved road to the vicinity of the water, the relator refused to answer the following question:

Q. Mr. Butler, was the road built with or without your consent?

The court directed the relator to answer the question, but relator refused to answer "on the grounds that it—that it might tend to incriminate me." After warning the relator of the probable consequences if he should persist in his refusal, and still obtaining no answer, the court found the relator in contempt and assessed his punishment at three days confinement in the Nueces County jail together with a fine of $100. The Supreme Court then granted relator's petition for writ of habeas corpus.

Since the pending suit is strictly a civil action, it is entirely proper for the State to call the relator as a witness or to take his deposition. Meyer v. Tunks, 360 S.W.2d 518 (Tex.1962). Upon becoming a witness, however, relator retains his right

and privilege against self-incrimination as contained in the Fifth Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment, and as guaranteed by the Texas Constitution, Art. I, Sec. 10, Vernon's Ann.St. If an inquiry calls for an answer that might reasonably present a hazard of self-incrimination to the witness, he may refuse to answer upon the ground of the privilege, and the fact that the inquiry is made in the course of a civil proceeding does not interdict the witness's privilege. Maness v. Meyers, 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975); Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269 (1944).

When a witness refuses to answer upon this ground, he is not the exclusive judge of his right to exercise the privilege. The judge is entitled to determine whether the refusal to answer appears to be based upon the good faith of the witness and is justifiable under all of the circumstances. Ex parte Park, 37 Tex.Cr.R. 590, 40 S.W. 300 (1897); Farmer v. State, 491 S.W.2d 133 (Tex.Cr.App.1973). The inquiry by the court is necessarily limited, because the witness need only show that an answer to the question is likely to be hazardous to him; the witness cannot be required to disclose the very information which the privilege protects. Before the judge may compel the witness to answer, he must be " 'perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer[s] cannot possibly have such tendency' to incriminate." Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).

Relator's attorney has contended that the privilege applies to relator simply because the penalty of the Texas Solid Waste Disposal Act, Art. 4477–7, Vernon's Ann.Civ.St. (Supp.1974), is quasi-criminal and of the nature of a criminal fine or forfeiture. We disagree with this contention.

There are no criminal penalties in this particular statute. The United States Supreme Court opinions affirming the applicability of the privilege to prevent forfeitures are in those cases where property may be taken from the witness by the government because that property has been used in the commission of a crime. United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971); Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886). The civil penalties sought by the State in the pending suit, and the possibility that an answer by relator might tend to subject him to these penalties or to any penalty provided by the Texas Solid Waste Disposal Act, constitute no ground upon which the relator could refuse to answer. See generally: Kaminsky, Preventing Unfair Use of the Privilege Against Self-incrimination in Private Civil Litigation: A Critical Analysis, 39 Brooklyn L.Rev. 121, 134 (1972).

The determinative circumstance of the matter before us is the criminal penalty prescribed by the Texas Water Code. Sec. 21.552(a) of the Water Code provides:

No person may discharge, or cause or permit the discharge of, any waste into or adjacent to any water in the state which causes or which will cause water pollution unless the waste is discharged in compliance with a permit or other order issued by the Texas Water Quality Board, the Texas Water Development Board, or the Texas Railroad Commission.

Sec. 21.551 defines "water" as including both surface and subsurface water. Sec. 21.553 provides that any violation of Sec. 21.552 is a misdemeanor punishable by fine of not less than $10 nor more than $1,000, and it provides that each day of violation is a separate offense. An example of a conviction under this criminal statute which was upheld may be seen in American Plant Food Corp. v. State, 508 S.W.2d 598 (Tex. Cr.App.1974). The petition filed by the State in the pending suit alleges that relator

is violating the Texas Water Quality Act "by causing, suffering, allowing or permitting the use or operation of the site for the disposal of industrial solid waste" and "by engaging in activity which in itself or in conjunction with other activity causes or will cause pollution of the waters of the State . . . ." The question of relator's consent to the construction of a road to a site where waste may have been stored or placed may be critical to the proof of the State in its civil suit but, of controlling importance to the matter now before us, it may also be a link in the proof that might tend to incriminate relator under the sections set forth above of the Texas Water Code. We cannot say that relator's hazard of prosecution or incrimination is imaginary or groundless. Therefore, his claim of the privilege against self-incrimination must be upheld.

The relator Gerald D. Butler is discharged from custody.