Charles William "Chick" SMITH, Sr., Patricia Smith, Mark Smith, Beverly Kim Smith Chavarria, and Esteban Chavarria, Relators,

v.

The Honorable Frank O. WHITE, Judge of the 295th Judicial District Court of Harris County, Texas, Respondent.

No. 01–85–0529–CV.

Court of Appeals of Texas, Houston (1st Dist.)

July 11, 1985.

Joe H. Reynolds, Ann Ryan Robertson, Reynolds, Allen & Cook and Marian S. Rosen, Marian S. Rosen & Associates, Houston, for relators.

Randy Donato, Weitinger, Steelhammer & Tucker and Larry Doherty, Doherty & Williamson, Houston, for respondent.

Before EVANS, C.J., and SAM BASS and COHEN, JJ.

## OPINION

SAM BASS, Justice.

Relators seek a writ of mandamus against the Honorable Frank O. White, Judge of the 295th District Court of Harris County, to compel him to set aside his order requiring relators to post a $100,000 cost bond. The writ is conditionally granted.

■ This court may issue a writ of mandamus to correct a clear abuse of discretion by a trial judge in a discovery proceeding. *West v. Solito*, 563 S.W.2d 240 (Tex.1978); *Kupor v. Solito*, 687 S.W.2d 441 (Tex.App. —Houston [14th Dist.] 1985, orig. proceeding).

On January 24, 1985, after her husband, Charles Smith Jr., failed to return their children pursuant to the terms of orders in their divorce action, Carolyn Shaffer Smith brought suit against him and relators in the 295th District Court of Harris County under Chapter 36 of the Family Code. Judge White appointed Larry Doherty as attorney ad litem to represent the children in this action. On March 14, 1985, Charles Smith, Jr. and relator Patricia Smith, were indicted for interference with child custody, a third-degree felony. When Carolyn Shaffer Smith attempted discovery, and was later joined in that effort by the ad litem, it became evident that relators would assert their fifth amendment rights.[1] In response thereto, Carolyn Shaffer Smith and the ad litem joined in a motion requesting that the

trial court order relators to file a $100,000 cost deposit. The trial court heard the matter and granted the following order dated June 11, 1985:

Came on to be heard this 28th day of May, 1985, ... Plaintiff's and Guardian [sic] Ad Litem's Motion to Rule for Costs and/or Sanctions against the Defendants. The Court finds that Defendants have obstructed and abused the discovery process in this case on several occasions in the past, without good cause, and upon Plaintiff's showing of good cause believes in reasonable probability Defendants will continue to obstruct and abuse the discovery in the future, all in violation of Rules 215, 141, and 125 of the Texas Rules of Civil Procedure. The Court further finds that the Defendant's abuse of the discovery process forces the ad litem to undertake necessary discovery in this case that is extensive, expensive, and time consuming. Therefore, having considered said motion, evidence, and arguments of counsel, and being of the opinion that good cause exist [sic] for granting said Motion under Rules 125 and 141 and being of the opinion that said Motion is meritorious and should be in all things granted; it is hereby, ORDERED ... that defendants ... jointly and severally post a cost bond of $100,000 ... on or before the 11th day of July, 1985.

Relators contend that 1) it is an abridgment of constitutionally protected rights to sanction them for properly invoking the fifth amendment; 2) the assertion of their fifth amendment rights was a proper response and therefore sanctions could not be imposed under Tex.R.Civ.P. 215; 3) costs may not be taxed prior to final adjudication of the controversy; and 4) the Texas Rules of Civil Procedure do not permit the court to order a party who is not seeking affirm-

---

1. The relators asserted their rights under the Texas Constitution as well as the United States Constitution. The scope of the state and federal privileges are the same. *Meyer v. Tunks*, 360 S.W.2d 518, 521 (Tex.1962); *Olson v. State*, 484

S.W.2d 756, 762 (Tex.Crim.App.1969). For convenience these rights shall be referred to as their fifth amendment rights. They also asserted rights under the Code of Criminal Procedure, not applicable to this action.

ative relief to give security for costs. The ad litem responds that relators' assertion of the fifth amendment is frivolous and for obstruction and delay purposes and that the Texas Rules of Civil Procedure do permit the assessment of costs as was done here.

Any matter protected from disclosure by privilege is exempt from discovery. Rule 166b 3(e). The record before this court shows that relators asserted their fifth amendment rights. If the matter sought to be discovered by petitioner and the ad litem is privileged, it is not subject to discovery. *West*, 563 S.W.2d 240. The fifth amendment may be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory. *Maness v. Meyers*, 419 U.S. 449, 464, 95 S.Ct. 584, 594, 42 L.Ed.2d 574 (1975). However, the witness is not the exclusive arbiter of his right to exercise this right. *Ex parte Butler*, 522 S.W.2d 196 (Tex.1975).

The judge is entitled to determine whether the refusal to answer appears to be based upon the good faith of the witness and is justifiable under all of the circumstances. ... The inquiry by the court is necessarily limited, because the witness need only show that an answer to the question is likely to be hazardous to him; the witness cannot be required to disclose the very information which the privilege protects. Before the judge may compel the witness to answer, he must be *"perfectly clear,* from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer[s] cannot possibly have such tendency to incriminate."

*Id.* at 198 (citations omitted) (emphasis added). Unless the relators' rights were impermissibly invoked, the trial court improperly invoked sanctions.

In the context that Patricia Smith had been indicted, and that the grand jury was investigating the other relators, it could not have been "perfectly clear, from a careful consideration of all the circumstances in the case" that the relators were mistaken and that their answers "could not

possibly" have a tendency to incriminate. *Hoffman v. United States*, 341 U.S. 479, 488, 71 S.Ct. 814, 819, 95 L.Ed. 1118 (1951). *Butler*, 522 S.W.2d 196. The ad litem and Carolyn Shaffer Smith argue that no interpretation other than "obstruction and delay" can be given to: (a) relators' filing of a motion to quash production of relators' VISA and telephone records by third parties, and (b) their refusal to answer written interrogatories. While the motion to quash may have caused some delay, its filing and presentation does not constitute a sufficient basis for the sanctions imposed here. The trial court's denial of the motion was a sufficient and appropriate response to the merits of the motion. Neither was the relators' refusal, on fifth amendment grounds, to provide, in response to written interrogatories, the names of witnesses having knowledge of relevant facts, a basis for the trial court's imposition of sanctions for abuse of discovery. Under the circumstances shown, the information requested from relators was privileged and was not subject to discovery. These are the only bases argued by respondents in support of the trial court's imposition of sanctions for abuse of discovery. The record conclusively shows that relators' actions did not violate the discovery rules, and we hold that the trial court abused its discretion in imposing the cost bond as a sanction under rule 215.

The trial court's order recites that there is additional basis for its issuance under rules 125 and 141. Rule 125 provides that each party to a suit is liable to the court for all costs incurred by himself, and rule 141 provides that the court, upon good cause, may adjudge costs otherwise than as provided by law or the rules. Neither of these rules has application to the instant case because the court's order did not adjudge costs against any of the parties. The only possible basis for requiring a party to give security for costs at any time before final judgment is rule 143. But that rule does not authorize the court to fix a specific amount of bond, *Mosher v. Tunnell*, 400 S.W.2d 402, (Tex.Civ.App.—

**298**

Houston 1966, writ ref'd n.r.e.), and may not be invoked against anyone other than a party seeking affirmative relief. *Ex Parte Shaffer*, 649 S.W.2d 300 (Tex.1983).

Certainly the trial judge will act in a manner consistent with this opinion and it will be unnecessary for a writ of mandamus to issue at this time. In the event only that he fails to do so, a writ will issue to insure compliance with this opinion.