No. 15-25-00106-CV

ACCEPTED
15-25-00106-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/30/2025 3:01 PM
CHRISTOPHER A. PRINE
CLERK

# In the Court of Appeals
## for the Fifteenth Judicial District
## Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/30/2025 3:01:44 PM
CHRISTOPHER A. PRINE
Clerk

*In re* NONPARTY PATIENT NO. 15,

*Relator.*

On Writ of Mandamus
493rd Judicial District Court, Collin County

## REDACTED BRIEF FOR REAL PARTY IN INTEREST
## STATE OF TEXAS

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for
Civil Litigation

JOHNATHAN STONE
Chief, Consumer Protection Division
State Bar No. 24071779

ABIGAIL E. SMITH
Assistant Attorney General
State Bar No. 24141756

ROB FARQUHARSON
Assistant Attorney General
State Bar No. 24100550

Office of the Attorney General
Consumer Protection Division
12221 Merit Drive, Ste. 650
Dallas, Texas 75251
Tel: (214) 290-8830
Fax: (214) 969-7615

*Counsel for Real Party in Interest*

# TABLE OF CONTENTS

Page(s)

Table of Contents ..................................................................................i

Index of Authorities ............................................................................iii

Record References ...............................................................................vi

Statement of Jurisdiction ....................................................................vi

Introduction..........................................................................................1

Statement of Facts ...............................................................................3

    I.   The State Notices a Deposition of Patient 15, and both the Collin
        County District Court and this Court Order the Deposition to Go
        Forward. .................................................................................3

    II.  Patient 15 Refuses to Answer Several Deposition Questions Based
        on Fifth Amendment Privilege, Contrary to the Court's Order to
        Answer. ..................................................................................4

Standard of Review ..............................................................................7

Argument...............................................................................................7

    I.   Patient 15 Cannot Be Criminally Prosecuted ▮▮▮▮▮▮▮▮
        ▮▮▮▮▮▮▮ Under Either Federal or State Law. ...................7

        A.  Under federal law, criminal liability ▮▮▮▮▮▮▮▮▮
            ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
            ▮▮▮▮▮▮▮▮▮▮▮. ...............................................8

        B.  The Texas Controlled Substances Act similarly does not
            apply criminal penalties ▮▮▮▮▮ ▮▮▮▮▮▮▮▮
            ▮▮▮▮▮▮▮▮▮▮▮▮ ...........................................12

    II.  Even if Patient 15 *Could* Be Prosecuted, Several Categories of
        Questioning Are Still Permissible. ..........................................17

        A.  Questions about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
            ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
            ▮▮▮▮ are not barred by the Fifth Amendment. ...........17

        B.  Patient 15 waived privilege for several questions and related
            topics. ..............................................................................22

        C.  There is no live dispute before this Court about ▮▮▮▮▮
            questions...........................................................................26

Prayer ............................................................................................28

Certificate of Compliance ...............................................................28

# Index of Authorities

**Page(s)**

## Cases

*Colorado v. Spring*,
479 U.S. 564 (1987)........................................................................................23

*Ex parte Butler*,
522 S.W.2d 196 (Tex. 1975) .................................................................. 2, 11, 18

*Gonzales v. Oregon*,
546 U.S. 243 (2006)........................................................................................10

*Gonzales v. Raich*,
545 U.S. 1 (2005) ...........................................................................................10

*In re Charles*,
No. 01-18-01112-CV, 2019 WL 2621749 (Tex. App.—Houston [1st
Dist.] June 27, 2019, no pet.)..................................................................... 19, 20

*In re McAllen Med. Ctr., Inc.*,
275 S.W.3d 458 (Tex. 2008) ...........................................................................7

*In re Nichol*,
602 S.W.3d 595 (Tex. App.—El Paso 2019, no pet.)................................... 19, 20

*In re Peters*,
699 S.W.3d 307 (Tex. 2024) ...................................................................*passim*

*Jones v. State.*
684 S.W.2d 223 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd)..................16

*Moran v. Burbine*,
475 U.S. 412 (1986)........................................................................................23

*Rogers v. United States*,
340 U.S. 367 (1951) ........................................................................................23

*State v. Loe*,
    692 S.W.3d 215 (Tex. 2024)................................................18

*State v. Stephens*,
    663 S.W.3d 45 (Tex. Crim. App. 2021) ...........................................27

*Tex. Dep't of State Health Services v. Crown Distrib. LLC*,
    647 S.W.3d 648 (Tex. 2022) ...................................... 15

*United States v. Bader*,
    678 F.3d 858 (10th Cir. 2012).................................... 11

*United States v. Hayes*,
    595 F.2d 258 (5th Cir. 1979) .................................9, 10, 16

**Statutes**

21 U.S.C. §§ 801 *et seq.* (Controlled Substances Act)...............................8

21 U.S.C. § 844(a) ...................................................... 8, 15

21 U.S.C. § 846...........................................................8

Tex. Health & Safety Code Ch. 481 .......................................... 12

Tex. Health & Safety Code § 161.701(1)...................................... 21

Tex. Health & Safety Code § 481.002(27) ...................................... 16

Tex. Health & Safety Code § 481.071(b) (Texas Controlled
    Substances Act) ...................................... 12, 13, 16

Tex. Health & Safety Code § 481.117(a) ...................................... 12, 13, 15

Tex. Health & Safety Code §§ 481.129(a)(4), (5)................................ 16

Tex. Health & Safety Code § 481.129(c)(2)(D)............................. 12, 13, 15

Tex. Pen. Code § 6.01(a) ...................................................... 14

Tex. Pen. Code § 15.02 ...................................................... 12

iv

## Other Authorities

21 C.F.R. § 1306.04 ...................................................................................... 16

21 C.F.R. § 1306.04(a) ......................................................................... 2, 9, 10

21 C.F.R. § 1306.06.......................................................................................9

U.S. CONST. amend. V ............................................................................*passim*

USSC, *Overview of Federal Criminal Cases, Fiscal Year 2021*,
    https://www.ussc.gov/research/data-reports/overview-federal-
    criminal-cases-fiscal-year-
    2021#:~:text=Cases%20involving%20drugs%2C% ............................................ 11

# RECORD REFERENCES

"MR" refers to the mandamus record filed by Relators.

# STATEMENT OF JURISDICTION

Relator's statement of jurisdiction is accurate.

# INTRODUCTION

For the second time in a matter of weeks, this Court has been asked to mandamus the Collin County district court on the deposition of Nonparty Patient No. 15 (Patient 15). And for the second time, a denial is merited. After the State noticed a deposition of Patient 15, the patient's counsel apparently "harbored serious Fifth Amendment concerns about the deposition." Mandamus Pet'n at 6. Yet Patient 15's counsel never raised this issue with the State. And despite multiple briefing and hearing opportunities before the district court *and* this Court, Patient 15 never sought a protective order or other form of relief. Instead, Patient 15 chose the last possible moment—an hour into the deposition itself—to start asserting Fifth Amendment privilege and refuse to answer the State's questions ███████████████████ ████████████████. Even when the district court held no fewer than *three* hearings during the deposition, ruled Patient 15 had no colorable fear of self-incrimination, and ordered Patient 15 to respond, Patient 15 still refused to do so, then mandamused to this Court.

Gamesmanship aside, the trial court acted well within its discretion to order Patient 15 to respond. Patient 15 has no reasonable basis to fear criminal prosecution ████████████████████████████████████████████████ ███████████████████████████████████████████████ And both the federal and state laws ███████████████████████████ ████████████████████████████████████████████████ ██████████████████████   ███████████████████████████ ████████████████████████████████████████████████

1



So as the district court correctly ruled, Patient 15 has nothing to fear and no basis to invoke the Fifth Amendment.

Furthermore, even if Patient 15 could somehow be criminally prosecuted ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ several questions objected to at the deposition fall outside that privilege. For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ And unlike the drunk driving cases Patient 15 relies on, where the drivers were questioned about drinks they had earlier in the evening, ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Cf. Ex parte Butler*, 522 S.W.2d 196, 198 (Tex. 1975) (citations omitted) (a court does not abuse its discretion when it orders a witness to answer that which "cannot possibly have such tendency to incriminate"). Separately, ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

The mandamus should be denied, and Patient 15 ordered to respond ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

## STATEMENT OF FACTS

Copious briefing about the background of this case is available in various cases currently or previously pending before this Court. *See, e.g.*, No. 15-25-00101-CV (Cooper's mandamus of Patient 15 deposition); No. 15-25-00032-CV (Nonparty Patients' mandamus relating to medical records). Rather than repeat that briefing, the below focuses on recent developments relevant to this mandamus.

## I. The State Notices a Deposition of Patient 15, and both the Collin County District Court and this Court Order the Deposition to Proceed.

The State made several attempts to pursue its case against Dr. M. Brett Cooper by relying solely on medical and other records, so as to not impose on the time or privacy of Cooper's patients. However, after those various attempts were stymied by counsel for some of Cooper's patients, including conflicting rulings from different district courts that are currently pending before this Court, the State decided it was necessary to depose at least some adult patients of Cooper that were minors at the time he treated them. As such, on May 13, 2025, the State noticed a deposition of Patient 15 for June 6, 2025, to occur at the Collin County courthouse, anticipating the need for judicial intervention during the deposition. MR.XX.

Counsel for Patient 15, who also represents the other represented patients in the Cooper and Lau matters, never objected to the deposition notice and never raised any Fifth Amendment concerns. Rather, the State and Patient 15 agreed to enter into a Rule 11 agreement setting the deposition for June 17, 2025. MR.138 52:6–16. The only party to challenge this deposition was Cooper himself, who challenged the deposition at a hearing on his plea to the jurisdiction and argued that it was inappropriate

3

"merits-based discovery." MR.137–38 51:24–52:5. The district court ordered the deposition to proceed, MR.145 59:10–15, and this Court denied Cooper's mandamus petition seeking to block the deposition, No. 15-25-00101-CV.

Patient 15 filed an amicus brief in support of Cooper's mandamus. *See* Brief of Nonparty Cooper Patient No. 15 as *Amicus Curiae* in Support of Relator, No. 15-25-00101-CV (June 12, 2025). While that amicus brief previewed objections to the deposition based on physician-patient and mental health information privileges, *see id.* at 6–10, the brief made no mention of the Fifth Amendment. As such, prior to June 17, 2025, Patient 15 and the patient's counsel made no attempt to seek relief or a ruling on the Fifth Amendment issue, despite multiple opportunities to do so before the district court and this Court, and despite apparently "harbor[ing] serious Fifth Amendment concerns about the deposition" well in advance of it taking place. Mandamus Pet'n at 6.

## II. Patient 15 Refuses to Answer Several Deposition Questions Based on Fifth Amendment Privilege, Contrary to the Court's Order to Answer.

On June 17, 2025, the deposition of Patient 15 went forward at the Collin County courthouse beginning at 9:00 a.m. After the deposition had been going for only an hour, the patient's counsel objected to a question from the State asking: ████████ ████████████████████████████████████████████████████████ MR.198 49:4–12. Counsel for Patient 15 instructed the witness not to answer based on Fifth Amendment privilege, and the patient followed that instruction. *Id.* After more invocations of the Fifth Amendment, the parties agreed to suspend the deposition at 10:26 a.m.

to go present the issue to Judge Christine Nowak, the judge presiding over the case against Cooper. MR.200 51:1–24.

Later that morning, Judge Nowak held a hearing on the issue.

MR.306–09.

MR.309 8:9–22.

*Id.*

*See, e.g.*, MR.315–16 13:18–15:1;

. MR.319–20 17:21–18:3.

MR.320 18:4–19.

Patient 15's deposition resumed at 11:37 a.m. MR.201.



.[1] Patient 15 accordingly invoked the Fifth Amendment and did not respond to those questions. ████████████████████████████████ ████████████████████████████████ ████████████████████████ MR.231–32 82:5–83:5, ████████ ████████████████████████████████ ████████████████ MR.232–33 83:22–84:9, MR.237–42 88:20–93:3, that █████ ████████████████████████████████ ████████████, MR.232–33 83:22–84:9, █████████████████ ████████████████████████████████ ████████████████████ MR.242 93:1–3.

The court held two additional hearings addressing various objections and invocations of Fifth Amendment and physician-patient privilege, █████████████ ███████████████████████████████. ███████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ██████████████████████ MR.339–40 37:17–38:20. Patient 15 filed this mandamus on June 19, 2025.

---

[1] The State agrees with Patient 15's characterization of the district court rulings and questions objected to, insofar as they are listed in Appendices A and B to Patient 15's mandamus petition.

## Standard of Review

To be entitled to mandamus relief, "a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008).

## Argument

The district court did not abuse its discretion when it ordered that the Fifth Amendment cannot be invoked where there is no crime. Patient 15 cannot be criminally prosecuted ███████████████████████████████████████ ████████████████████████████████████. ██████████████████ ███████████████████████████████████████ ██████████████████████████████ ██████████████. Furthermore, even if Patient 15 could invoke a colorable fear of criminal prosecution, ████████████ ███████████████████████████████████████ ████████████████████████████ The mandamus petition should be denied.

## I. Patient 15 Cannot Be Criminally Prosecuted ██████████ ████████ Under Either Federal or State Law.

Patient 15 makes much of the contours of Fifth Amendment privilege, but spends comparatively little time on the threshold issue: Patient 15 *cannot* be criminally prosecuted ███████████████████████████████████████ ██ ███████████████████████████████████████. ███████████████ ███████████████████████████████████████ ███████████████████████████████████ ████████████ The

patient thus has no "reasonable danger of incrimination," *In re Peters*, 699 S.W.3d 307, 312 (Tex. 2024), and Fifth Amendment privilege does not apply.

## A. Under federal law, criminal liability ██████████ ████████████████████████████████████ ████████.

Patient 15 argues ███████████████████████████████ could be prosecuted under the ████████████████████████████████████ █████████████████████████████████████████████ ███████████████████████████████████████. *See* Mandamus Pet'n at 15–16. █████████████████████████ █████████████████████████████████████████████ █████████████████████████████████████████████ █████████████████████████████████████████████ █████████████████████████████████████████████ █████████████████████████████████████████████ ████████████████████████████[2]███████████████ █████████████████████████████████████████████ █████████████████████████████████████████████ ██████████████████████████████

---

[2] Indeed, the First Amended Petition in this lawsuit alleges that "Cooper wrote Patient Fifteen a prescription for an 84-day supply of 200 mg/ml testosterone cypionate for the purposes of transitioning their biological sex or affirming their belief that their gender identity is inconsistent with their biological sex." MR.72 ¶ 175.

But federal regulations and Fifth Circuit precedent clarify that the criminal lia-

bility ████████████████████████████████████████████████████████████

████████████████████████████ ████████████████████ Title 21, section

1306.04 of the Code of Federal Regulations defines the meaning of ████████

██████ as referred to in the CSA. Subsection (a) of that regulation states that for a

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████ ████████████████████████

Importantly, ████████████████████████████████████████████

██████████████████████████████████████████████████, ████████

██████ ████████████████████████████████████████████████

████████████████████████████████████████████████████████ And

the Fifth Circuit has agreed. For example, ████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

9

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████ █████████████████████

This conclusion is supported by the case law. ███████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████ Since its application even to *doctors* is so limited, ████████

██████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████ In the over fifty years since its

10

passage, it has been one of the most prosecuted and litigated federal crimes on the books.[3] Yet Patient 15 and the State have been unable to identify a single case prosecuting a ███████████████████████████████████████████████████████

███████████████████████████████████. ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████

The same reasoning applies to criminal liability ███████████████████████

Neither relator nor the State can identify a single case where ████████████████

████████████████████████████████████████████████████████████████

█████████████████████ Rather, because the responsibility to prevent such illegal

████████████████████████████████████████████████████████████████

██████████████████████████████████. ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████ *Ex parte Butler*, 522 S.W.2d 196, 198 (Tex. 1975).

---

[3] For example, the U.S. Sentencing Commission reported that "[d]rug offenses overtook immigration offenses as the most common federal crime in fiscal year 2021, accounting for 31.3% of the total caseload." USSC, *Overview of Federal Criminal Cases, Fiscal Year 2021*, https://www.ussc.gov/research/data-reports/overview-federal-criminal-cases-fiscal-year-2021#:~:text=Cases%20involving%20drugs%2C%20immigration%2C%20firearms,over%20the%20last%20five%20years.

**B. The Texas Controlled Substances Act similarly does not apply criminal penalties** ██████████████████████████████ ██████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████  ██████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████

Patient 15 cannot be criminally prosecuted under any of these provisions for at least two reasons. ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████ is a statute that regulates ████████████████████████████████. That provision applies to only ████████████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████



*Second*, ███████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████ likewise do not apply to cases ████████████████

█████████████. Like their federal counterparts, those statutes have *never* been

applied to prosecute █████ ██████████████████████████████. Instead,

those provisions have *only* ever been applied to criminally prosecute ████████

███████████████████████ ████████████████████

---

[4] ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████



MR.315–16.

Indeed, it would be nonsensical to apply either of these criminal statutes in this context, ██████████████████████████████████████████████ ████████████████████████████████ Except in strict liability crimes, which none of these TCSA provisions are, Texas law requires that the *actus reus*, or guilty act, be "voluntarily engage[d] in" by the person accused of the offense. Tex. Pen. Code § 6.01(a). ████████████████████████████ ████████████████████████████████████████ The *mens rea* of the ████ ██████████████████████████ would also be irrelevant—█████████ ████████████████████████████████████████ ████████████████████████████████████████ ████ which is all those statutes require.

Furthermore, Texas case law and analogous federal statutes support reading these two provisions ██████████████████████████████. While the federal CSA

and the TCSA are not identical, Texas courts have recognized that the TCSA is informed by the CSA in many respects. *See, e.g.*, *Tex. Dep't of State Health Services v. Crown Distrib. LLC*, 647 S.W.3d 648, 660 (Tex. 2022) (observing that the TCSA definition of cannabis "'carried forward' the same definition from the federal law [the CSA]"). And ███████████████████████████████████████

███ both the federal CSA and the TCSA use identical language. The federal CSA exempts ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████ Similarly, Texas Health & Safety Code section ██████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ Where the federal CSA and the TCSA employ identical language, Texas courts have interpreted the terms harmoniously. And as already explained, the federal CSA ██████████████████

████████████████████████████████████████ *Supra* Argument I.A.

Interpreting these federal and Texas provisions harmoniously makes particular sense here because the terms ██████████████████████████████████

15

████████████████ are not defined in the TCSA.[5] The First Court of Appeals recognized this in the case ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████ *Id.* Since those terms are undefined in the TCSA, the First Court relied on the Fifth Circuit's ruling in ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ This Court should follow suit and interpret these provisions of the TCSA to impute criminal liability ████████████████████████████████, just like the federal CSA does.[6]

In sum, neither the spirit nor letter of the law support criminal liability ████ ████████████████████████████████ and both federal and Texas precedent support this conclusion. Furthermore, ████████████████

---

[5] ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

██████████████████. Patient 15 cannot be criminally prosecuted ████████

████████████████████████████████████████. Because Patient 15 also cannot be criminally prosecuted for those acts under federal law, Patient 15 has no grounds to invoke Fifth Amendment privilege ██████████████████ ████████.

## II. Even if Patient 15 *Could* Be Prosecuted, Several Categories of Questioning Are Still Permissible.

Even if Patient 15 *could* be criminally prosecuted ██████████████████, counsel for the State asked Patient 15 ████████████████████ that would not be protected by Fifth Amendment privilege. For example, ████████████ ████████████████████████████████████ ████████████████████████████████. And for several other questions, Patient 15 waived Fifth Amendment privilege ████ ████████████████████████████ Finally, as a clarification, ████████ ████████████████████████████████ so complaints about this potential line of questioning are a red herring.

### A. ████████████████████████████ ████████ are not barred by the Fifth Amendment.

Insofar as the Fifth Amendment protects any testimony from Patient 15 ████ ████████████████████████████ ████████████████ As Patient 15 repeatedly invokes, the Fifth Amendment "privilege against self-incrimination applies to testimony that could directly incriminate a witness or furnish an evidentiary link that might tend to incriminate him." *In*

*re Peters*, 699 S.W.3d at 310. But that does not mean anything goes. Rather, answers that "cannot possibly have such tendency to incriminate" are not protected by the Fifth Amendment, and the trial court has the discretion to compel a witness to answer such questions. *Ex parte Butler*, 522 S.W.2d at 198 (cleaned up).

SB 14 went into effect on September 1, 2023. *State v. Loe*, 692 S.W.3d 215, 222 (Tex. 2024). Prior to that date, there was no prohibition against prescriptions to Texas minors for the purpose of transitioning biological sex or affirming a gender identity inconsistent with such minor's biological sex. It is well-documented that many minors who *were* taking testosterone prior to that date stopped around this time. *See, e.g.*, *id.* at 224–26 (describing children that "were previously receiving treatments" prohibited by SB 14, including testosterone, and that "they would resume those treatments" if SB 14 were overturned). ███████████████████ ████████████████████████████████████████████████ ████

Patient 15 argues ██████████████████████████████████ █████████████████████, Mandamus Pet'n at 17, and cites a litany of drunk-driving cases in support. But those cases do not support the application of Fifth Amendment privilege █████████████████████████████████. In *In re Peters*, the victims of a drunk-driving crash sued the driver and asked him "where he was 'coming from, and . . . going at the time of the accident' and where he had 'been before the collision.'" 699 S.W.3d at 310. They sought this information to help maintain a dram shop action against the bars that served him. The Supreme Court held that the driver could invoke the Fifth Amendment to avoid answering

those questions because those answers "could furnish a link in the chain of proof that might tend to incriminate him" for drunk driving. *Id.* at 311. But notably, these questions asked about the driver's drinking behavior *the night of the accident.* It goes without saying that answers about what bars he visited and how many drinks he had *that night* would tend to implicate whether he was drunk driving, because alcohol can remain in the system for several hours.

But that has no reasonable analogue

, *see* MR.189–92 40:21–43:12,

Other cases relied upon by Patient 15 follow the same pattern as *In re Peters*. Both *In re Nichol* and *In re Charles* similarly involved drunk drivers that successfully invoked the Fifth Amendment to avoid answering questions about *the night of the crash*, such as where they were prior to the vehicle crash, what bars they visited, how many drinks they consumed, and phone data that could reveal what the driver was doing that evening. *In re Nichol*, 602 S.W.3d 595, 599 (Tex. App.—El Paso 2019, no pet.) (holding the Fifth Amendment protected the driver from answering "where you had

been just prior to the wreck, where you were going, and the purpose of the trip"); *In re Charles*, No. 01-18-01112-CV, 2019 WL 2621749, at *3 (Tex. App.—Houston [1st Dist.] June 27, 2019, no pet.) ("It is not difficult to envision that information from relator's phone could include pictures of the evening or details of the plans for the evening that would provide the State with a link in the chain of evidence needed to prosecute appellant in the criminal trial."). But neither case prohibited questions about, for example, what bars the drunk drivers had frequented in the past, or whether either drunk driver had *ever* had a drink, had gone out drinking before, had driven drunk on previous occasions, or had gotten drunk since the crash. That is because such evidence is far too attenuated from the actual crime to provoke a "reasonabl[e] fear[]" that it would "incriminate him in a criminal proceeding." *In re Nichol*, 602 S.W.3d at 601.

Another important distinction between this case and the trio of drunk driving cases is that in each of *In re Peters*, *In re Nichol*, and *In re Charles*, the drunk driver seeking to invoke the Fifth Amendment had *already been criminally charged* with drunk driving. *See In re Peters*, 699 S.W.3d at 311 (noting "the State of Texas is prosecuting him on the very same facts that underlie this civil case"); *In re Nichol*, 602 S.W.3d at 601 (noting "a parallel criminal suit remains pending"); *In re Charles*, No. 01-18-01112-CV, 2019 WL 2621749, at *3 (observing "the possibility of relator's prosecution for involuntary manslaughter was not remote or speculative" because he had "already been indicted by the State of Texas for conduct at issue in the civil suit"). While active proceedings are not *required* to invoke the Fifth Amendment in a civil case, they certainly help conclusively establish that a civil deponent's fears of

self-incrimination are reasonable and could actually be used against him in a criminal case. "Where such proceedings are ongoing, . . . courts should be loath to second-guess the privilege's application." *In re Peters*, 699 S.W.3d at 311. Conversely, here

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████

For the very same reasons, ██████████████████████████████

██████████████████████████████████ are also not protected by the Fifth Amendment.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████.

In light of this, Patient 15 should be required to answer at least the following questions, █████████████████████████████████████████████████

████████████████████████████████████:

- ████████████████████████████████████████████████████████
  MR.198.

- ████████████████████████████████████████████████████████
  ████████████████████████████████████████████████████████
  ██████████████████████████ MR.198–99.



- ███████████████████████████████████████████
███████████████ MR.201.

- ███████████████████████████████████████████
███████████████ MR.201–02.

- ███████████████████████████████████████ MR.202.[7]

- ███████████████████████████████████████████
███████████████████ MR.222.

- ███████████████████████████████████████████
MR.223.

- ████████████████████████████████████ MR.259.[8]

- ███████████████████████████████████████████
MR.266.

- ███████████████████████████████████████████
MR.274.

## B. Patient 15 waived privilege for several questions and related topics.

Several other questions that Patient 15 refused to answer on the basis of Fifth

Amendment privilege ████████████████████████████████████████

███████████████████████████████████████████████████

---

[7] The State maintains that this question should not be qualified by time period, given that it does not implicate any particular time period and therefore has no tendency to incriminate.

[8] The State maintains that this question should not be qualified by time period, given that it does not implicate any particular time period and therefore has no tendency to incriminate.

██████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████ *Colorado v. Spring*, 479 U.S. 564, 572 (1987) (citation omitted). As the Supreme Court explained in *In re Peters*, to demonstrate Fifth Amendment waiver, "the initial disclosure must follow a voluntary waiver of the privilege." 699 S.W.3d at 311. Unlike the disclosure in *In re Peters*, where the drunk driver confessed on his hospital bed while intoxicated and possibly concussed, *id.* at 312, ██████████████████ ██████████████████████████████████████████. █████ ███████████████████████████████, which requires merely that the disclosure not be the result of "intimidation, coercion, or deception," *Moran v. Burbine*, 475 U.S. 412, 421 (1986), and that the individual "understood" the implications of speaking, *Spring*, 479 U.S. at 574.[9]

Once waiver is established, "the trial court must determine whether the question the witness is refusing to answer 'presents a reasonable danger of further incrimination in light of all the circumstances.'" *Id.* at 311–12 (quoting *Rogers v. United States*, 340 U.S. 367, 374 (1951) (cleaned up)). If not, "where criminating facts have been voluntarily revealed, the privilege cannot be invoked to avoid disclosure of the details." *Rogers*, 340 U.S. at 373.

---

[9] Notably, "[t]he Constitution does not require that [someone invoking Fifth Amendment privilege] know and understand every possible consequence of a waiver of the Fifth Amendment privilege." *Spring*, 479 U.S. at 574.

23

MR.229 80:4–23.

MR.231–32 82:5–83:5.

MR.232 83:6–10.

MR.232–33 83:22–84:9.

MR.235 86:2–9.

MR.235 86:10–16.

MR.242 93:1–3.

MR.237–42 88:20–93:3.

MR.243–44 94:23–95:12.

In sum,

████████████████████████████ This was a clear waiver of Fifth Amendment privilege on these topics, and *at least* the following related or follow-up questions do not pose the risk of additional crimination and must be answered:

- ████████████████████████████████████████ ███████████████████████ MR.219.

- █████████████████████████ MR.232.

- █████████████████████████████████████████ █████ MR.242.

- ███████████████████████████████████████ MR.242.

- █████████████████████████████████████████ ████████████████████████████████████████ MR.243–44.

- █████████████████████████████████████████ ██████ MR.273.

- █████████████████████████████████████████ ████████████████████ MR.273–74.

- █████████████████████████████████████████
  █████████████████████████████████████████
  █████████████████████████████████████████
  █████████████████████████████████████████
  █████████████████████████████████████████
  ███████████████████████ MR.277–78.

**C. There is no live dispute before this Court about** ████████ ████████

Finally, Patient 15's repeated complaints ███████████████████████

█████████████████████████████████████████████████████████

██████████ are a red herring. The State has no plans to pursue a ████████████

████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████ MR.279. To clarify, ██████████████████

████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

█████ and that issue is not before this Court on mandamus. █████████████████████

████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████.

---

[10] The Attorney General is not even empowered to seek criminal penalties under current Texas precedent. *See State v. Stephens*, 663 S.W.3d 45, 52 (Tex. Crim. App. 2021).

## Prayer

The Court should deny the mandamus petition and order Patient 15 to continue the deposition without invoking Fifth Amendment privilege.

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for
Civil Litigation

JOHNATHAN STONE
Chief, Consumer Protection Division

*/s/ Abigail E. Smith*
ABIGAIL E. SMITH
Assistant Attorney General

ROB FARQUHARSON
Assistant Attorney General

Office of the Attorney General
Consumer Protection Division
12221 Merit Drive, Ste. 650
Dallas, Texas 75251
Tel: (214) 290-8830
Fax: (214) 969-7615

*Counsel for Real Party in Interest State of Texas*

## Certificate of Compliance

Microsoft Word reports that this document contains 7,459 words, excluding exempted text.

*/s/ Abigail E. Smith*
ABIGAIL E. SMITH

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Pauline Sisson on behalf of Abigail Smith
Bar No. 24141756
pauline.sisson@oag.texas.gov
Envelope ID: 102598893
Filing Code Description: Response
Filing Description: 20250630 States Mandamus Response_Redacted
Status as of 6/30/2025 3:14 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 6/30/2025 3:01:44 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 6/30/2025 3:01:44 PM | SENT |
| Thanh Nguyen | | TDNguyen@winston.com | 6/30/2025 3:01:44 PM | SENT |
| Houston Docket | | ecf_houston@winston.com | 6/30/2025 3:01:44 PM | SENT |
| Jervonne Newsome | | jnewsome@winston.com | 6/30/2025 3:01:44 PM | SENT |
| Jonathan Hung | | johung@winston.com | 6/30/2025 3:01:44 PM | SENT |
| William Logan | | wlogan@winston.com | 6/30/2025 3:01:44 PM | SENT |
| Evan Lewis | | edlewis@winston.com | 6/30/2025 3:01:44 PM | SENT |
| Melinda Pate | | melinda.pate@oag.texas.gov | 6/30/2025 3:01:44 PM | SENT |
| Olivia Wogon | | owogon@winston.com | 6/30/2025 3:01:44 PM | SENT |

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David G. Shatto | | david.shatto@oag.texas.gov | 6/30/2025 3:01:44 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 6/30/2025 3:01:44 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 6/30/2025 3:01:44 PM | SENT |
| Amy Pletscher | | amy.pletscher@oag.texas.gov | 6/30/2025 3:01:44 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 6/30/2025 3:01:44 PM | SENT |
| Ian Bergstrom | | Ian.Bergstrom@oag.texas.gov | 6/30/2025 3:01:44 PM | SENT |